McKinney, J.,
delivered the opinion of the Court.
This was an action, brought by Lennis Cruzo, against Lea, for the seduction of her daughter, Nancy Cruze. The plaintiff died intestate pending the suit, and under the Statute, the action was revived in the name of Henderson, as personal representative of the estate.
Judgment for the plaintiff. Several errors are assigned.
1st. On the trial, Nancy Cruze, the person seduced, was offered as a witness for the plaintiff, and objections being made to her competency, on the ground that the mother having died pending the suit, intestate, the witness was a distributee of her estate, and consequently, interested, in the event of the suit. To obviate this objection, the witness executed a release, whereby ■ she relinquished, to her brothers and sisters, all the interest she had, or might have, in any judgment or verdict that might be rendered in the case, &c. This release was objected to, as insufficient to remove the incompetency, but the objection was overruled.
The objection urged to the sufficiency of the release, is, the possible contingency that judgment might be rendered against the plaintiff for costs, on failure of the action, in which event, the estate of which the witness *148 was a distributee would be liable for the payment of the costs, and consequent!}", an interest still remained in the witness, which the release did not reach or affect.
If the premises be sound, the conclusion follows, of course; and the result would be, that the witness, as distributee, did not possess the power, by any form of release, to remove her incompetency. For, if this be admitted to be a disqualifying interest, it could only be removed by entirely discharging her from liability for costs, in the'event- of a judgment against the plaintiff.
It might be sufficient, for the present case, simply to state, that the record does not show that Mrs. Cruze, upon her death, left any estate whatever, to be distributed; consequently, the sole ground of the supposed incompetency is swept away.
It is not questioned that the release executed by the witness, is operative to divest her of all interest in the recovery in this action. It is unquestionably a valid objection, that the witness would, in one event, be liable for the costs of the action, and the magnitude, or degree, of the interest, is unimportant: 1 Greenleaff's Ev., see. 401. In general, a legatee, heir, or distributee, is incompetent, without a release, in any action, affecting the estate: Id., 392. And a release of his claim, or interest, in the subject matter of the particular suit, will be insufficient, because, if the action fails, the estate will still be liable for the costs. The witness must also release his interest in the residue of the estate, or the estate must be released from all claim for the costs: Id., 428; or, at least, the witness must be released from all liability for costs in the particular suit in which he is offered. But, it is obvious, if there be nothing to release, except an interest *149 in the subject matter of tbe suit, the release need only apply to that. The question is not raised by the fact that the interest of the ■ witness was acquired in the subject matter, subsequent to the commencement of the suit.
The witness cannot, wantonly, or in bad faith, by an interest acquired pending the suit, deprive the party of the benefit of his testimony. But a subsequent interest of the witness, created bona fide in the usual and lawful course of business, or by operation of law, will be as effectual to disqualify as a pre-existing interest: Id., sec. 167, 418.
2d. The next error assigned, is, the ruling of the Court, that the witness, Moore, was privileged to decline answering the general question put to him by the defendant’s counsel, “whether he knew of any man having had sexual intercourse with the witness, Nancy Cruze.” The witness refused to .answer the question, but stated that he “did not know said witness until six months before the child was born.” This question is settled by the case of Reed vs. Williams, 5 Sneed, 580.
It is well settled, that where it reasonably appears that the answer will have a tendency to expose the witness to a penal liability, or to any kind of punishment, or to a criminal charge, the witness is not bound to answer the question. If the fact to which he is interrogated, forms but a link in the chain of testimony which would convict him, he is protected, without being required to explain how he might be criminated by the answer. If it be one of a series of questions, the answers to all of which would establish his criminalty, lie cannot be compelled to answer that, or any of the scries: 1 Greenleaf’s Ev., sec. 451. & n. 4. And the *150 Court is bound to instruct Mm, whether his answer would tend to criminate or expose him: Id.
The ruling of the Court was correct, inasmuch as by the Act of 1741, ch. 14, sec. 9, fornication is declared to be a penal offense.
3d. The last error insisted on, is in the charge of the Court. His Honor, among other tilings, stated to the jury, in substance, that if any other person had had intercourse with Nancy Cruzo before her alleged seduction by the defendant, but that fact remained unknown to the defendant, as well as to the public, at the time of the seduction, so that her character, or reputation, was not affected thereby at the time she was seduced by the defendant, then the fact of such intercourse with a different person, prior to her seduction by the defendant, should not be looked to by the jury in mitigation of the damages in this action.
This principle, though said to be incorrect, is not shown to bo so by any authority, or even by any reason satisfactory to our minds. The application of the principle is admitted to be a rigid one,'but still we think it is correct in law, in ethics, and in reason.
So far as the intrinsic nature and complexion of the wrong, either in a legal or moral point of view, depends upon the animus of the defendant, and in so far as its consequences to the friends of the person seduced, or the public are concerned, how can it bo maintained that the damages ought to be affected by a pre-existent fact, of "which the defendant and the public, at the time of the injury for which damages are sought to be recovered, were alike utterly iguorant.
The character, or reputation, of the female seduced, in *151 the estimation of tlie public, could not possibly have been prejudiced by the existence of a secret locked up, (until after her seduction,) in the bosoms of the immediate parties.
And, as the material inquiry, in view of the damages, is, what was the standing and reputation of the person before, and at the time of, her seduction, it would seem to be unreasonable, if not absurd, to permit the defendant to avail himself of a matter, in mitigation of his wrong, which, so far as was known to him, or to the public, had then no existence, and could not, therefore, possibly have had any influence upon his motives or conduct; ‘nor could it in any way, have affected public sentiment in regard to the person seduced, or have inflicted any wound upon the honor of her family.
' Upon the hypothesis of the charge, it was the defendant’s act alone that blasted the reputation of the female. But for the notoriety, and consequent degradation resulting therefrom — her previous breach of chastity— supposing the fact to have been so — might never, in all probability, have been revealed, or brought in judgment against her before the public.
The principle of the charge is no new principle. The charge only applies an established principle to a new statement of facts. The general principle is, that evidence is admissible of facts and circumstances which go in aggravation, or in mitigation, of the injury itself. But the facts and circumstances offered for this purpose, “ ought to be those only which belong to the act complained of;” 2 Greenleaf’s Ev., sec. 266. Tested by this rule, the charge is unquestionably correct. The defendant could not possibly palliate his wrong, on the ground that the pei’son seduced had before suffered her *152 chastity to be yiolated; lor, as to him, as well as to her family and the public, she stood, at the time of. her seduction, with a reputation not only untarnished, but unsuspected, and as though there never had been any such aberration, on her part, from the path of virtue.
Most clearly, then, this was not a fact or circumstance properly belonging to the act complained of, or to the issue to be tried.
Judgment affirmed.